# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

————————

m 00-30195

————————


SONAT EXPLORATION COMPANY, INC.,

Plaintiff-Appellee,

VERSUS

FALCON DRILLING COMPANY, INC., ET AL.,

Defendants,

FALCON DRILLING COMPANY, INC.;
INDEMNITY MARINE ASSURANCE COMPANY, LTD.,
ALSO KNOWN AS CGL UNDERWRITERS;
STEAMSHIP MUTUAL UNDERWRITING ASSOCIATION (BERMUDA), LTD.,
ALSO KNOWN AS P&I UNDERWRITERS;
FDI MARINE, INC.,
ALSO KNOWN AS FALCON DRILLING, INC.;
FALCON SERVICES COMPANY, INC., OF DELAWARE,
DOING BUSINESS AS FALCON DRILLING COMPANY;
YORKSHIRE INSURANCE COMPANY, LTD.,
ALSO KNOWN AS CGL UNDERWRITERS;
PHOENIX ASSURANCE PUBLIC LIMITED COMPANY,
ALSO KNOWN AS CGL UNDERWRITERS;
NORTHERN ASSURANCE COMPANY, LTD.,
ALSO KNOWN AS CGL UNDERWRITERS;
OCEAN MARINE INSURANCE COMPANY, LTD.,
ALSO KNOWN AS CGL UNDERWRITERS;
SKANDIA MARINE INSURANCE COMPANY (UNITED KINGDOM), LTD.,
ALSO KNOWN AS CGL UNDERWRITERS;
COMMERCIAL UNION ASSURANCE COMPANY, PUBLIC LIABILITY COMPANY,
ALSO KNOWN AS CGL UNDERWRITERS;

THREADNEEDLE INSURANCE COMPANY, LTD.,
ALSO KNOWN AS CGL UNDERWRITERS;
TERRA NOVA INSURANCE COMPANY, LTD.,
ALSO KNOWN AS CGL UNDERWRITERS,

Defendants-Appellants.

————————————

Appeals from the United States District Court
for the Western District of Louisiana
(98-CV-2187)

————————————

December 29, 2000

Before JOLLY, JONES, and SMITH,
    Circuit Judges.

PER CURIAM:[*]

This dispute regards the interpretation of various contractual provisions on cross-indemnifications and insurance responsibilities. The parties disagree as to which of them is contractually obligated to pay for injury to an employee of a third-party contractor incurred while performing work within the scope of the contract.

Sonat Exploration Company, Inc. ("Sonat"), and Falcon Drilling Company, Inc. ("Falcon"), entered an offshore drilling contract under which Falcon furnished Sonat with the FalRig82, a jack-up drilling vessel used to drill oil wells in navigable waters.

Under the contract, Sonat and Falcon cross-indemnified each other, and Falcon was further responsible for obtaining insurance for all claims and contractual indemnities covered by the contract.

When an employee of a third-party contractor was injured on the FalRig82, Sonat sued, seeking declaratory judgment that it is not required to indemnify Falcon in this situation and that Sonat is an additional insured for all purposes under the general liability insurance that Falcon is contractually required to purchase.

We have reviewed the briefs, the record, and the applicable law and have heard and considered oral arguments of counsel. We conclude that the district court properly entered summary judgment for Sonat on the basis that Sonat's was the only reasonable interpretation of the contract. The court decided that the contract requires Falcon to maintain insurance for all the indemnities covered by the contract, including those indemnities that Sonat owes Falcon, and that

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

the contract requires that Sonat be an additional insured on the general commercial liability insurance purchased by Falcon. We therefore affirm, essentially for the reasons set forth by the district court in its comprehensive opinion of September 23, 1999, and in its ruling denying Falcon's motion for new trial of January 26, 2000.

AFFIRMED.